703 F.2d 853
 32 Fair Empl.Prac.Cas. 651,
31 Empl. Prac. Dec. P 33,560
Dorothy WHEELER, for herself and all others similarly
situated, Plaintiff-Appellant,
v.
CITY OF COLUMBUS, MISSISSIPPI, a municipal corporation, et
al., Defendants-Appellees.
 No. 81-4122.
 United States Court of Appeals,
Fifth Circuit.
 April 25, 1983.
 
 Colom, Mitchell & Colom, Wilbur O. Colom, Columbus, Miss., for plaintiff-appellant.
 Gholson, Hicks & Nichols, Dewitt T. Hicks, Jr., Columbus, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Mississippi.
 Before CLARK, Chief Judge, GEE and GARWOOD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This Title VII case, comprising both individual and class claims, is before us for the second time. After a trial on the merits, the district court held for the city on both claims. On appeal we vacated and remanded for supplemental findings. 686 F.2d 1144 (1982). The district court has now made the requested findings. They demonstrate conclusively that its initial conclusion that Wheeler was not the victim of discrimination is not clearly erroneous. Pullman-Standard v. Swint, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982).
 
 
 2
 We also directed the district judge to reconsider his certification of a class consisting of all female applicants for city jobs and all female city employees in light of General Telephone Company of the Southwest v. Falcon, --- U.S. ----, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). This the district court failed to do. To avoid a second remand we address this issue ourselves.
 
 
 3
 In Falcon the Supreme Court overruled the automatic across-the-board certification policy this circuit had followed in Title VII cases. See Johnson v. Georgia Hwy. Exp., 417 F.2d 1122 (5th Cir.1969). The Court found that Title VII class actions, like all others, are subject to Fed.R.Civ.P. 23(a)'s requirements of numerosity, typicality, commonality, and adequacy of representation. 102 S.Ct. at 2373.
 
 
 4
 Without any specific presentation identifying the questions of law or fact that were common to the claims of respondent and of the members of the class he sought to represent, it was error for the District Court to presume that respondent's claim was typical of other claims against petitioner by Mexican-American employees and applicants. If one allegation of specific discriminatory treatment were sufficient to support an across-the-board attack, every Title VII case would be a potential company-wide class action. We find nothing in the statute to indicate that Congress intended to authorize such a wholesale expansion of class-action litigation.
 
 
 5
 Id. at 2371 (footnotes omitted).
 
 
 6
 The facts relevant to the class action certification here are very similar to those in Falcon. There, "[i]nstead of raising common questions of law or fact, respondent's evidentiary approaches to the individual and class claims were entirely different. He attempted to sustain his individual claim by proving intentional discrimination. He tried to prove the class claims through statistical evidence of disparate impact." Id. at 2372. This is Wheeler's case too. Discrimination in its broadest sense is the only question alleged that is common to Wheeler and the class she sought to create and represent. Under Falcon this is not enough. Because adverse consequences could result to persons who have never had their day in court, the decision of the district court certifying the case as a class action must be vacated. The judgment denying Wheeler relief on her individual claim is affirmed. An amended judgment should be entered accordingly.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR ENTRY OF JUDGMENT.